# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

## Holding a Criminal Term
## Grand Jury Sworn in on September 30, 2004

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL CASE NO.** |
| | : | |
| | : | **Grand Jury Original** |
| | : | |
| | : | **VIOLATIONS:** |
| **v.** | : | |
| | : | **18 U.S.C. § 371** |
| **JEFFREY S. MILLS,** | : | **(Conspiracy)** |
| **RODERIC L. BOLING, AND** | : | **18 U.S.C. §§ 1343 and 1349** |
| **ANNA BOLING,** | : | **(Wire Fraud and Attempted Wire Fraud)** |
| | : | **18 U.S.C. §§ 78j(b) and 78ff** |
| **Defendants.** | : | **(Securities Fraud)** |
| | : | **18 U.S.C. § 2** |
| | : | **(Aiding and Abetting and Causing an** |
| | : | **Act to be Done)** |
| | : | |

## I N D I C T M E N T

The Grand Jury charges:

## COUNT ONE
(Conspiracy to Commit
Securities Fraud and Wire Fraud)

### Relevant Persons and Entities

At times material to this Indictment:

1.      JEFFREY S. MILLS, the defendant, was a stock promoter who resided in

Longwood, Florida.  MILLS was also President of Direct Results of Sweetwater LLC.

2.      RODERIC L. BOLING, the defendant, resided in Altamonte Springs, Florida, and

had significant experience arranging telemarketing promotions in which prerecorded messages

were distributed to persons throughout the United States.

3.      ANNA BOLING, the defendant, resided in Altamonte Springs, Florida with her husband RODERIC L. BOLING, and benefitted from monies earned by RODERIC L. BOLING.

4.      Direct Results of Sweet Water LLC ("Direct Results") was a limited liability company controlled by JEFFREY S. MILLS and was located at MILLS' residence in Longwood, Florida.  Direct Results, purportedly in the business of providing investor relations services, maintained a securities brokerage account at Sun State Equity Trading, Inc., for the purpose among others of receiving stock as payment for purported investment relations and stock promotion services.

5.      Telephone Broadcast Company, LLC, and its affiliate Telephony Leasing Corporation LLC (collectively "TBC"), were privately held Georgia limited liability companies in the business of broadcasting recorded telemarketing messages over the interstate telephone lines to persons, answering machines and voicemail systems throughout the United States.  TBC used its equipment to make automated calls to telephone numbers throughout the United States and, depending upon the instructions of its clients, played prerecorded messages when the telephone calls were answered by individuals, answering machines or voicemails systems.  TBC clients typically provided the recordings to TBC for distribution by dialing a toll free number and recording ("dropping") the message on the "onebox system."

6.      "R.B." was a resident of Florida who operated a business which assisted people and entities in obtaining investor relations services.

7.      Michael O'Grady was a resident of Georgia who was an owner of TBC.

8.      "D.B." was a resident of California who operated a business which assisted people and entities in obtaining investor relations services.

9.      Sun State Equity Trading, Inc. ("Sun State") was a securities brokerage firm with offices in among other locations, Tampa, Florida.

10.     The defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING used fraudulent hoax voicemails to fraudulently promote the stock of the following companies:

A.      American Multiplexer Corp. ("AMUT") was a data distribution and compression provider incorporated under the laws of the State of North Carolina with its principal place of business in Sunnyvale, California. AMUT's common stock was publicly traded under the ticker symbol "AMUT" on the Pink Sheets, a price quotation system primarily used for trading the securities of small corporations that do not meet the minimum listing requirements of a national securities exchange.

B.      Donini, Inc. ("DNNI") was a pizzeria franchise management company incorporated under the laws of the State of New Jersey with its principal place of business in Canada. DNNI's common stock was publicly traded under the ticker symbol "DNNI" on the Over the Counter Bulletin Board, an electronic price quotation system primarily used for trading the securities of corporations that do not meet the minimum listing requirements of a national securities exchange.

C.      5G Wireless Communications, Inc. ("FGWC") was a wireless broadband retailer incorporated under the laws of the State of Nevada with its principal place of business in Marina Del Rey, California. FGWC's

common stock was publicly traded under the ticker symbol "FGWC" on

the Over the Counter Bulletin Board.

D.   Innovative Food Holdings, Inc. ("IVFH") was a food distributer to

restaurants.  IVFH was incorporated under the laws of the State of Florida,

and had its principal place of business in Naples, Florida.  IVFH's

common stock was publicly traded under the ticker symbol "IVFH" on the

Pink Sheets.

E.   Maui General Store, Inc. ("MAUG") was a retailer incorporated under the

laws of the State of New York with its principal place of business in Hana,

Hawaii.  MAUG's common stock was publicly traded under the ticker

symbol "MAUG" on the Over the Counter Bulletin Board.

F.   Power3 Medical Products, Inc. ("PWRM") was a healthcare and

development stage biotechnology company incorporated under the laws of

the State of New York with its principal place of business in The

Woodlands, Texas.  PWRM's common stock was publicly traded under

the ticker symbol "PWRM" on the Over the Counter Bulletin Board.

G.   Twister Networks Inc. ("TWTN") was a telecommunications company

publicly traded under the ticker symbol "TWTN" on the Pink Sheets.

**THE CONSPIRACY**

11.   From in or about July 2004, through in or about August 2004, in the District of

Columbia and elsewhere, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA

BOLING, together with others known and unknown to the Grand Jury, unlawfully, willfully, and

knowingly did conspire, confederate, and agree together with each other to commit offenses

against the United States, to wit, to commit:

(A)     Securities Fraud, that is to willfully, and knowingly, by the use of the

means and instrumentalities of interstate commerce, the mails, and the facilities of

national securities exchanges, directly and indirectly, use and employ

manipulative and deceptive devices and contrivances in violation of 17 C.F.R. §

240.10b-5, by:  (a) employing devices, schemes, and artifices to defraud, (b)

making untrue statements of material facts and omitting to state material facts

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading, and (c) engaging in acts, practices,

and courses of business which operated and would operate as a fraud and deceit

upon a person in connection with the purchase and sale of securities, all in

violation of 15 U.S.C. §§ 78j(b) and 78ff; and

(B)     Wire Fraud, that is, having devised and intending to devise a scheme and

artifice to defraud, and for obtaining money and property by means of false and

fraudulent pretenses, representations, and promises, to willfully and knowingly

transmit and cause to be transmitted by means of wire communications in

interstate commerce, signs, signals, pictures, and sounds for the purpose of

executing such scheme and artifice, in violation of 18 U.S.C. § 1343.

12.     It was a goal of the conspiracy for defendants JEFFREY S. MILLS, RODERIC L.

BOLING and ANNA BOLING, together with others known and unknown to the Grand Jury:  (A)

to unlawfully enrich themselves by engaging in a scheme to artificially inflate the market price of

and market demand for the common stock of the following companies, and to fraudulently

induce investors to purchase shares of the common stock of the following companies: MAUG,

IVFH, PWRM, FGWC and DNNI; and (B) to conceal these criminal activities from the United

States Securities and Exchange Commission ("SEC"), the securities markets, and the actual and

prospective investors in the stock of MAUG, IVFH, PWRM, FGWC and DNNI.

13.     At various times in or about July 2004 through August 18, 2004, defendants

RODERIC L. BOLING, JEFFREY S. MILLS and ANNA BOLING caused TBC to broadcast

fraudulent hoax voicemail messages containing the voice of ANNA BOLING to voicemail

systems and answering machines throughout the United States, including within the District of

Columbia, that were intended to deceive prospective investors into believing they had

inadvertently received a confidential stock tip intended for the close friend of the person leaving

the voicemail message on their voicemail/answering machines.  The fraudulent hoax voicemail

campaigns touting the stocks of MAUG, IVFH, PWRM, DNNI and FGWC resulted in material

increases in the price and volume of each of the stocks.

### MANNER AND MEANS OF THE CONSPIRACY

To further the objects and goals of the conspiracy, defendants JEFFREY S. MILLS,

RODERIC L. BOLING and ANNA BOLING, together with others known and unknown to the

Grand Jury, would and did use the following manners and means, among others:

14.     It was part of the conspiracy that defendant JEFFREY S. MILLS would agree to

publicize and promote the stock of certain publicly traded companies in return for stock or cash

compensation, all the while intending to promote the stock with hoax voicemails designed

fraudulently to induce unwitting investors to purchase the stock and thereby artificially inflate and manipulate the market price and market demand for the stock.

15.    It was further part of the conspiracy that defendant RODERIC L. BOLING engaged the services of TBC to broadcast voicemail messages touting several publicly traded stocks, and instructed TBC to perform the voicemail campaign in a manner designed to conceal from persons receiving the stock tout voicemails that they were receiving hoax misdirected voicemails.  For example, BOLING instructed Michael O'Grady, an owner of TBC, that the stock tout messages should never be broadcast to the same number twice, and that the recorded message should only be played to an answering machine or voicemail system.

16.    It was further part of the conspiracy, in order to conceal the involvement of BOLING and his co-conspirators in the hoax voicemail campaign and to make it more difficult for law enforcement authorities, victims and regulators to investigate the campaign, that defendant RODERIC L. BOLING:

A      at the beginning of the campaign, instructed Michael O'Grady that: knowledge of the voicemail campaign be kept to a minimum of TBC's employees; all orders for the voicemail campaign would be done over the telephone; BOLING did not want e-mails or written reports utilized during the campaign; and the campaign would be paid for completely in cash; and

B.     toward the end of the campaign and at the end of the campaign, instructed Michael O'Grady to delete and destroy certain records and files at TBC that were related to RODERIC L. BOLING and the fraudulent hoax voicemail campaign.

17.     It was further part of the conspiracy that defendants JEFFREY S. MILLS,

RODERIC L. BOLING and ANNA BOLING caused the creation and nationwide distribution of

hoax voicemail messages containing the voice of ANNA BOLING to fraudulently induce

unwitting investors to purchase shares of stock at artificially inflated prices.  Each hoax message

purported to be a message left by a woman for her close friend in which she attempted to convey

to her close friend a hot stock tip from a "hot stock exchange guy" that she was or had been

dating, whose previous stock tip had been accurate and very lucrative for her father.  By design,

each hoax message was made to appear to have been mistakenly left on the listener's answering

machine or voicemail system rather than on the close friend's system or machine.  Each hoax

message was also made to appear to have been left on a single machine.  In truth and in fact, as

the co-conspirators well knew, each "misdirected" hoax message contained a fictitious stock tip

which was intentionally distributed to thousands of answering machines/voicemail systems

throughout the country for the purpose of artificially inflating and manipulating the market price

of, and demand for, the stock touted in each message.

18.     It was further part of the conspiracy that defendants JEFFREY S. MILLS,

RODERIC L. BOLING and ANNA BOLING caused the distribution of hoax voicemail messages

containing the voice of ANNA BOLING which made the following misrepresentations to the

listener:

> A.     falsely represented that the company, whose stock was touted in the
>
>         message, was going to make a big news announcement that week;

B.      falsely represented that the person leaving the voicemail message and her father were both going to be buying a bunch of the touted securities the following day;

C.      falsely represented that the person leaving the voicemail had only told her father and two other people about the stock tip;

D.      falsely represented that the stock tip was "kind of a secret;"and

E.      falsely represented that the person leaving the voicemail was still in New York.

19.      It was further part of the conspiracy that defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused the distribution of hoax voicemail messages touting the stocks of MAUG, IVFH, FGWC, PWRM, DNNI, AMUT and TWTN to unwitting prospective investors throughout the United States which were substantially similar to the following:

> Hey Steph, it's Wendy. I looked for your old number and I couldn't find it but Brady says this is your new one. I hope it's the right one. Anyway, remember Evan, that hot stock exchange guy I'm dating – he gave my dad that hot stock tip in June on SMSI and it went from a buck to like five bucks in two weeks and you were mad because I didn't call you? Well, I'm calling you now. There's this new company that supposedly developed some zillion dollar cancer test thing, and it's going to go up big this week – some patent thing, whatever that is. Anyway, the stock symbol is P-W-R-M, and he says it gonna open cheap, like $2.50 – I'm sorry, I'm eating 'cause I'm starving – it's $2.50 now and it's going to take off after this weekend so get as much as you can. Call me on my cell phone, okay. I'm still in New York. Um, my dad and I are going to be buying a bunch tomorrow and the only people I told is Sam and Ellen–it's kind of a secret. Okay, so give me a call or email me. I love you. Bye.

20.      It was further part of the conspiracy that defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused the distribution of a fraudulent hoax

voicemail message recommending the purchase of MAUG stock which fraudulently predicted without a reasonable basis that the price per share of MAUG stock would "go up to five or six bucks this week."

21.     It was further part of the conspiracy that defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING fraudulently did not disclose to recipients of the hoax voicemail messages that persons responsible for distributing the messages recommending the purchase of the stocks touted in the messages were being compensated or had been promised compensation for distributing the voicemail messages with buy recommendations.

22.     It was further part of the conspiracy that JEFFREY S. MILLS, in order to profit from the fraudulent scheme:

A.     caused 250,000 shares of IVFH stock to be deposited into the securities brokerage account of Direct Results at Sun State as payment for promoting the stock of IVFH;

B.     utilized the Direct Results brokerage account at Sun State to sell approximately 220,000 shares of IVFH stock during the time that IVFH stock was being promoted with fraudulent hoax voicemails;

C.     instructed D.B. to transfer a large number of shares of DNNI and FGWC stock to a brokerage account at Sun State in the name of a company controlled by R.B. as payment for a promotion of DNNI and FGWC stock.

23.     It was further part of the conspiracy that defendants JEFFREY S. MILLS and RODERIC L. BOLING, in order to profit from the scheme, traveled to Gulfport, Mississippi to

collect a bag of cash as payment for distributing fraudulent hoax voicemail messages touting a

publicly traded security.

**OVERT ACTS**

Within the District of Columbia and elsewhere, in furtherance of the above described

conspiracy and in order to carry out the objects thereof, JEFFREY S. MILLS, RODERIC L.

BOLING, ANNA BOLING, and others known and unknown to the Grand Jury committed the

following overt acts, among others:

24.     In or about July 2004, defendant JEFFREY S. MILLS spoke to R.B. and agreed to

do an investor relations campaign to promote MAUG and MAUG stock in return for a portion of

the proceeds from the sale of MAUG stock owned by R.B.

25.     In or about July 2004, defendant JEFFREY S. MILLS spoke to D.B. and agreed to

do an investor relations campaign to promote IVFH stock in return for compensation of 250,000

shares of IVFH stock.

26.     In or about July 2004, defendant JEFFREY S. MILLS spoke to D.B. and agreed to

do an investor relations campaign to promote DNNI and FGWC stock in return for a promise of

compensation in the form of a large number of shares of DNNI and FGWC stock.

27.     In or about July and August 2004, defendant JEFFREY S. MILLS spoke to an

unindicted co-conspirator and agreed to conduct an investors relations campaign to promote

PWRM stock in return for a promised large cash payment.

28.     In or about late July 2004, defendant RODERIC L. BOLING engaged TBC to

broadcast voicemail messages touting several publicly traded stocks, and instructed TBC to

perform the voicemail campaign in a manner designed to conceal from persons receiving the stock tout voicemails that they were receiving fraudulent hoax voicemails.

29.     In or about late July 2004, defendant RODERIC L. BOLING instructed Michael O'Grady that TBC should never broadcast a stock tout message to the same number twice, and that the recorded stock tout message should only be played to an answering machine or voicemail system.

30.     On or about July 24, 2004, defendants ANNA BOLING and RODERIC L. BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message, which touted the stock of MAUG, for distribution by TBC.

31.     On or about July 28, 2004, defendant RODERIC L. BOLING called Michael O'Grady and informed O'Grady that a message had been dropped onto the TBC system which promoted MAUG stock.  BOLING encouraged O'Grady to purchase MAUG stock and to wait for the promotion to kick in.

32.     On or about August 3, 2004, defendant JEFFREY S. MILLS deposited a check in the amount of $9,833 into a bank account for his company, Direct Results.  MILLS had received the $9,833 check as partial payment for executing an investment relations campaign for MAUG stock.

33.     On or about August 5, 2004, defendant RODERIC L. BOLING called Michael O'Grady and informed him that the next voicemail campaign would involve IVFH stock. BOLING advised O'Grady to purchase shares of IVFH stock.

34.     On or about August 6, 2004, defendants RODERIC L. BOLING and ANNA

BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and

ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message, which

touted the stock of IVFH, for distribution by TBC.

35.     On or about August 6, 2004, defendant JEFFREY S. MILLS deposited a check in

the amount of $15,400 into a bank account for his company, Direct Results.  MILLS had received

the $15,400 check as payment for executing an investment relations campaign for MAUG stock.

36.     On or about August 11, 2004, defendants RODERIC L. BOLING and ANNA

BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and

ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message, which

touted the stock of PWRM, for distribution by TBC.

37.     On or about August 11, 2004, defendants RODERIC L. BOLING and ANNA

BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and

ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message which

touted the stock of FGWC, for distribution by TBC.

38.     On or about August 11, 2004, defendants RODERIC L. BOLING and ANNA

BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and

ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message, which

touted the stock of DNNI, for distribution by TBC.

39.     On or about August 12, 2004, defendant JEFFREY S. MILLS caused the

securities brokerage account for Direct Results to sell 130,000 shares of IVFH stock for

approximately $49,710.

40.     On or about August 12, 2004, defendant RODERIC L. BOLING called Michael O'Grady and informed him that voicemail messages would be distributed that promoted FGWC stock and DNNI stock.  BOLING advised O'Grady to purchase FGWC and DNNI stock.

41.     On or about August 13, 2004, defendant JEFFREY S. MILLS caused the securities brokerage account for Direct Results to sell 30,000 shares of IVFH stock for approximately $13,705.66.

42.     On or about August 16, 2004, defendant JEFFREY S. MILLS caused the securities brokerage account for Direct Results to sell 60,000 shares of IVFH stock for approximately $20,657.

43.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "N.A." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for N.A.

44.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "F.B." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for F.B.

45.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of  "L.M." in the District of Columbia, and caused TBC to leave a

fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for L.M.

46.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "L.P." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for L.P.

47.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "J.J." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for J.J.

48.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "B.C." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for B.C.

49.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "T.S." in the District of Columbia and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for T.S.

50.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "D.G." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for D.G.

51.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "W.W." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for W.W.

52.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "L.B." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for L.B.

53.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "A.B." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for A.B.

54.     On or about the morning of August 18, 2004, defendants RODERIC L. BOLING and ANNA BOLING made several telephone calls to a toll free number from their home

telephone in Altamonte Springs, Florida and ANNA BOLING recorded fraudulent hoax

voicemail messages onto the onebox system for distribution by TBC which touted the stock of

AMUT, TWTN, and PWRM.

55.     On or about the afternoon of August 18, 2004, defendants RODERIC L. BOLING

and ANNA BOLING made four telephone calls to a toll free number from their home telephone

in Altamonte Springs, Florida, and in three of those telephone calls ANNA BOLING recorded

fraudulent hoax voicemail messages onto the onebox system for distribution by TBC which

touted the stock of AMUT, TWTN, and PWRM.

56.     On or about August 23, 2004, defendant JEFFREY S. MILLS caused the

brokerage account for Direct Results to sell 30,000 shares of IVFH stock for approximately

$7,196.

**(Conspiracy and Aiding and Abetting, causing an act to be done,
in violation of Title 18 United States Code, Sections 371 and 2).**

## COUNT TWO
(Securities Fraud)

57.     The allegations contained in paragraphs 1 through 10, 13, and 24 through 56 of

this Indictment are repeated and re-alleged as if fully set forth herein.

58.     The allegations contained in paragraphs 14 through 23 of this Indictment are

repeated and re-alleged as if fully set forth herein as describing the manipulative and deceptive

devices and contrivances and manner and means of the scheme to defraud used and employed by

defendants JEFFREY S. MILLS, RODERIC L. BOLING, ANNA BOLING and others known

and unknown to the Grand Jury in contravention of Title 17, Code of Federal Regulations,

Section 240.10b-5.

59.     On or about August 16, 2004, in the District of Columbia and elsewhere,

defendants JEFFREY S. MILLS, RODERIC L. BOLING, and ANNA BOLING, together with

others known and unknown to the Grand Jury, willfully and knowingly, directly and indirectly,

by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of

national securities exchanges, did use and employ, in connection with the purchase and sale of

securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of

Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to

defraud; (b) making untrue statements of material facts and omitting to state material facts

necessary in order to make the statements made, in light of the circumstances under which they

were made, not misleading; and (c) engaging in acts, practices, and a course of business which

operated and would operate as a fraud and deceit upon a person, in connection with the purchase

and sale of the common stock of Power3 Medical Products, Inc.

**(Securities Fraud, in violation of Title15, United States Code, Sections 78j(b)
and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Aiding and
Abetting, causing an act to be done, in violation of Title 18
United States Code, Section 2).**

<u>**COUNTS THREE THROUGH NINE**</u>
(Wire Fraud)

**THE SCHEME**

60.     The allegations contained in paragraphs 1 through 10, 13, and paragraphs 24

through 56 of this Indictment are repeated and re-alleged as if fully set forth herein.

61.     The allegations contained in paragraphs 14 through 23 of this Indictment are

repeated and re-alleged as if fully set forth herein as describing the manner and means of the

scheme and artifice to defraud.

## THE WIRE COMMUNICATIONS

63.     On or about the dates set forth below, in the District of Columbia and elsewhere,

defendants JEFFREY S. MILLS, RODERIC L. BOLING, and ANNA BOLING, together with

others known and unknown to the Grand Jury, for the purpose of executing and attempting to

execute the scheme and artifice, did cause to be transmitted in interstate commerce, by means of

wire communications, the signs, signals, and sounds, as set forth below:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| THREE | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of T.S. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| FOUR | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of W.W. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| FIVE | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of L.B. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| SIX | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of F.B. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |

| SEVEN | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of N.A. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
|---|---|---|
| EIGHT | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of L.P. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| NINE | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of A.B. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |

**(Wire Fraud in violation of Title 18, United States Code, Section 1343; Attempted Wire Fraud in violation of Title 18, United States Code, Section 1349; Aiding and Abetting, causing an act to be done, in violation of Title 18, United States Code, Section 2)**

A TRUE BILL.

FOREPERSON

ATTORNEY FOR THE UNITED STATES
AND FOR THE DISTRICT OF COLUMBIA

20